## In re EXECUTIVE AIR CENTER, INC.

### Bankruptcy No. 585–01853–M11.

United States Bankruptcy Court,
W.D. Louisiana,
Monroe Division.

May 7, 1986.

R. Douglas Wood, Jr., Brown & Amman, Monroe, La., for mover, Louisiana Bank of Ouachita Parish.

Allen Harvey, McLeod, Swearingen, Verlander & Dollar, Price & Noah, Monroe, La., for debtor.

### MEMORANDUM DECISION AND ORDER

LeROY SMALLENBERGER, Bankruptcy Judge.

This bankruptcy petition under Chapter 11 of the Bankruptcy Code was filed on October 16, 1985. The record shows that the debtor-corporation is owned by Mr. Lloyd Williams, who is also in a Chapter 11 Reorganization. The only asset owned by the corporation is a 1965 Rockwell Commander Airplane. This airplane is secured

by a collateral chattel mortgage in the amount of $42,605.00. On January 24, 1986, the mover, Louisiana Bank of Ouachita Parish, filed a Motion to Prohibit Use of Collateral. The record indicates that the debtor's insurance was cancelled on the airplane on January 22, 1986. Subsequently, the debtor did retain an insurance binder on the airplane. Additionally, Louisiana Bank filed a Motion for Adequate Protection and Motion for Relief from Stay and hearings were held on that motion on December 11th and December 27, 1985. Additionally, on March 19th, Louisiana Bank filed a Motion to Convert the case under Chapter 7 and the Court held a further hearing on all of these matters on April 16, 1986. At that time, the Court instructed the parties to file any additional briefs if they so desired and took the matter under advisement.

■■■ After examining the record in this case, the Court believes that it will limit our opinion to the Motion for Relief from Stay under section 362 of the Bankruptcy Code, which provides:

On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by termining, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

Based on the evidence adduced at hearing and the arguments of counsel, the Court finds as follows. Mr. Williams, at the time of these hearings, had lost his federal aviation commercial charter certificate and has not been flying the plane for charter purposes. Since the inception of this case, the plane has not been chartered and that the Chapter 11 corporation has not done any charter business. Mr. Williams, however, testified at the April 16th hearing and evidence was introduced that he has repeatedly used corporate funds and the airplane, which is a corporate asset, for his personal use in flying his friends, himself and apparently even officers of the bank who brought this motion, on the airplane at no expense. Additionally, Mr. Williams used the corporate checking account and corporate funds for his own personal use paying for Moose Lodge expenses and for food bills at the local A & P, in Monroe, Louisiana. The following checks were entered into evidence at the April 16th hearing and the Court again emphasizes that these expenses were paid and were incurred for the personal use of the airplane of Mr. Williams and at no time has the airplane been used for its stated commercial purpose.

| DATE | WHOM MADE | AMOUNT | DESIGNATION |
|---|---|---|---|
| 3/5/86 | Ruston Flying Service | $145.60 | Fuel |
| 3/4/86 | Fleeman Aviation | $210.35 | Fuel & Oil |
| 3/11/86 | Ruston Flying Service | $237.31 | Fuel |
| 3/11/86 | Aviation Company | $195.10 | Fuel |
| 1/20/86 | Ruston Flying Service | $129.21 | Fuel |
| 1/13/86 | Fleeman Aviation | $205.00 | Fuel |
| 2/27/86 | Moose Lodge | $100.00 | Material |
| 2/22/86 | Moose Lodge | $ 50.00 | |
| 1/12/86 | LA Tech Book Store | $ 15.83 | Books |
| 11/3/85 | A & P | $147.47 | Supplies |
| 10/30/85 | Larry Gulf | $100.95 | Repairs |
| 3/8/86 | A & P | $198.50 | Food |
| 3/27/86 | Ronnie Williams | $352.00 | Labor |
| 1/15/86 | Moose Lodge | $ 60.00 | |

Additionally, although the debtor and counsel have represented to the Court that the insurance premium for the airplane has been paid, the insurance company has re-

654

ported to the Court that some $2,084.00 remains as a balance on the insurance policy. Thus, the Court believes that the debtor-in-possession through its president, Mr. Williams, has been violating its duty as a fiduciary under the Bankruptcy Code. As a debtor-in-possession, the Chapter 11 bankrupt holds the title and powers of trustee but, we note that this is subject, at all times, to the control of this Court. See for example, 11 U.S.C. Section 742 and *In Re Southland Supply, Inc.*, 657 F.2d 1076 (9th Cir.1981). The debtor-in-possession is a fiduciary and owes the creditors the same duty as a trustee. Recently, the Fifth Circuit has spoken on the good faith obligations of a debtor-in-possession in Chapter 11's. *In Re Little Creek Development Co.*, 779 F.2d 1068 (5th Cir.1986). The Fifth Circuit held that a lack of good faith may constitute "cause" for lifting the stay under section 362(d)(1). The factors that were designated as important include the debtor's financial condition, his motives and the local financial realities. Additionally, the Court indicated several other recurring but nonexclusive, "patterns" that indicate when cause exists. These include, a single asset entity, a corporation with no employees except for the principal or family members of a close knit corporation, little or no cash flow, no sources of income to sustain a plan of reorganization or to make adequate protection payments, and few unsecured creditors and only one or two secured creditors who have a large claim against the particular item of property. Additionally, the Court noted that allegations of wrongdoing by the debtor or its principal may be an important factor in determining whether or not cause exists for lifting of the stay under section 362(d)(1). The Court wrote:

"resort to the protection of the bankruptcy laws is not proper under these circumstances because there is no ongoing concern to preserve, there are no employees to protect, and there is no hope of rehabilitation, except according to the debtor's 'total uforea' ".

We believe that this case clearly falls within the concern of the Fifth Circuit in *Little Creek Development Co.* This is a single asset case. There is clear wrongdoing on the part of the debtor with comingling of funds and payment of expenses. There has been no ongoing business and the plane has been used, since the inception of this Chapter 11, solely for the personal use of the president of the corporation. There has been no cash flow and there has been no attempt to reorganize this corporation. Accordingly,

IT IS ORDERED that the Motion for Relief from Stay, filed by Louisiana Bank of Ouachita, Parish is granted because there exists sufficient cause for lifting the stay under section 362 of the Bankruptcy Code, including the debtor-in-possession's breach of its fiduciary duty and violation of the good faith provisions of Chapter 11.